IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOHN WANJALA,

                    Plaintiff,

    v.

UNITED STATES OF AMERICA,

                    Defendant.

Civ. No. 10-486-AC

FINDINGS AND RECOMMENDATION

_____
ACOSTA, Magistrate Judge:

*Introduction*

      Before the court is defendant United States of America's ("United States") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1). The United States asserts that plaintiff, John Wanjala ("Wanjala"), failed to present a valid administrative claim prior to initiating suit, as required

FINDINGS AND RECOMMENDATION           1           {HAB}

under the Federal Tort Claims Act ("FTCA"), and as a result, the court lacks subject matter jurisdiction over the dispute. If the court finds Wanjala has not submitted a valid claim to the United States Postal Service ("USPS"), Wanjala requests that State Farm Automobile Insurance ("State Farm") be substituted as plaintiff. The United States asserts that substituting State Farm would be futile because State Farm cannot establish a cause of action for subrogation under Oregon law. For the reasons set forth below, the court recommends that the United States' motion to dismiss be granted.

*Background*

On October 16, 2008, a vehicle driven by Wanjala was rear-ended by a mail truck driven by a USPS employee in the course of her employment. (Compl. ¶¶ 8-11.) Following the incident, Wanjala submitted an application for personal injury protection ("PIP") benefits to his automobile insurer, State Farm. (Brooks Aff. Ex. 1.) State Farm subsequently made PIP payments in the amount of $5,003.29 to Wanjala. (Brooks Aff. ¶ 5; Ex. 2.)

A Standard Form 95 ("Form 95") was submitted to the USPS on three occasions regarding this incident. The first Form 95 was filed by Wanjala for damage to his vehicle. The USPS issued a check to Wanjala on January 20, 2009 for $4,434.29. (Crump Dec. ¶¶ 5-6; Ex. B.) The second Form 95 was filed by State Farm on October 8, 2009, seeking reimbursement of the $5,003.29 PIP claim. (Compl. ¶ 5; Brooks Aff. Ex. 3.) State Farm submitted the form listing the claimant as "State Farm a/s/o John Wanjala." (Compl. ¶ 5; Brooks Aff. Ex. 3.) On October 28, 2009, the USPS denied the PIP claim on the basis of Oregon statutes governing PIP coverage. (Compl. ¶ 6; Brooks Aff. Ex. 4.)

State Farm then submitted a letter to the USPS on November 24, 2009, requesting reimbursement of the PIP claim, arguing that State Farm had a right of direct reimbursement of its

PIP payments to Wanjala in the state of Oregon under OR. REV. STAT. 742.538. (Shumsky Aff. ¶ 3; Shumsky Aff. Ex. 1.) The USPS again denied State Farm's request for reimbursement of the amount paid to Wanjala on January 4, 2010, stating OR. REV. STAT. 742.538 does not permit the USPS to directly reimburse State Farm for the PIP payments. (Shumsky Aff. Ex. 2.) The USPS further stated that State Farm could only recover PIP payments from a settlement or judgment that results from Wanjala's action against the USPS. (Shumsky Aff. Ex. 2.)

Prior to filing the present action, State Farm sent written notification to Wanjala informing him of State Farm's desire to be reimbursed by the USPS for the PIP payments made to Wanjala pursuant to OR. REV. STAT. 742.538. (Shumsky Aff. ¶ 5.). Wanjala initiated this FTCA action on April 28, 2010. (Compl. 4.)

Five months after he filed his lawsuit, Wanjala filed the third Form 95 on October 11, 2010. Wanjala asserted a claim for $107,581.75 in damages for personal injury, lost wages, and pain and suffering. (Crump Dec. Ex. H; Shumsky Aff. ¶ 7.)[1]

*Legal Standard*

The federal district courts are courts of limited jurisdiction. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The burden of establishing jurisdiction rests with the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The court itself, however, has an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Subject matter jurisdiction, because it involves the court's authority to hear a case, can never be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002).

---

[1] This claim is not at issue because the USPS had not denied this claim at the time Wanjala initiated this action.

FINDINGS AND RECOMMENDATION             3                              {HAB}

Accordingly, when a federal court finds that it lacks subject matter jurisdiction, it must dismiss the complaint in its entirety. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

A motion to dismiss for lack of subject matter jurisdiction is governed by FED. R. CIV. P. 12(b)(1). A Rule 12(b)(1) motion may be raised at any stage of the litigation, including post-trial and after the entry of judgment. FED. R. CIV. P. 12(h)(3). The court will grant defendant's Rule 12(b)(1) motion to dismiss if the complaint fails to allege facts sufficient to establish subject matter jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Alternatively, a defendant may seek dismissal under Rule 12(b)(1) by presenting evidence to refute the jurisdictional facts alleged in the complaint. *Id.* Once the defendant has introduced that evidence, the plaintiff "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* No presumptive truthfulness attaches to plaintiff's allegations. *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir. 1983).

*Discussion*

I.  Federal Tort Claims Act

The United States argues that this court lacks subject matter jurisdiction under the FTCA because plaintiff failed to exhaust administrative remedies before initiating this action. The United States further argues that although a Form 95 was filed on three separate occasions, none satisfy the requirements under the FTCA. Plaintiff responds that the second filing by State Farm meets his FTCA requirements because all administrative remedies on the second filing had been exhausted.

The jurisdiction of the federal courts to entertain actions for damages against the United States based on negligence is limited by the FTCA. *See* 28 U.S.C. § 2675(a) (1982). The FTCA waives sovereign immunity in certain cases involving negligence committed by federal employees in the course of their employment. *Dolan v. U.S. Postal Serv.*, 564 U.S. 481, 482 (2006). But any waiver

of sovereign immunity must be strictly and narrowly construed in favor of the United States. *Lane v. Pena*, 518 U.S. 187, 192 (1996).

In a claim for damages against the United States based on negligence, a cause of action must first be submitted to the appropriate agency of the United States for administrative review before the claim can be filed in federal court. *Goodman v. United States*, 298 F.3d 1048, 1054 (9th Cir. 2002). The plaintiff is permitted to sue the United States only after the claim is denied or six months have elapsed without final disposition by the agency. *Avery v. United States*, 680 F.2d 608, 611 (9th Cir. 1982). When the claim is not first presented to the appropriate agency, the district court, pursuant to Rule 12(b)(1), must dismiss the action for lack of subject matter jurisdiction. *McNeil v. United States*, 508 U.S. 106 (1993).

A claim is deemed presented for the purposes of § 2675(a) when a party files "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Warren v. United States Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984)(en banc). This requirement provides an agency with sufficient written notice to commence investigation while also placing a value on the claim. *Avery*, 680 F.2d at 610.

Form 95 provides a claimant with an opportunity to state various dollar amounts related to the claim. The statement of a sum certain on the Form 95 is a jurisdictional requirement which originates from 28 U.S.C. § 2675, a statute which serves as the basis for the jurisdictional requirement. *Blair v. I.R.S.*, 304 F.3d 861, 865 (9th Cir. 2002). Even a "skeletal" administrative claim that informs the agency of the nature of the alleged injury and the amount of damages is sufficient under the FTCA. *Avery*, 680 F.2d at 610-611.

Wanjala did not satisfy the filing requirement of the FTCA because he failed to exhaust his administrative remedies before filing in federal court. This action was filed on April 28, 2010. The third Form 95 was filed by Wanjala on October 11, 2010, over five months later. This form is the only one of three forms in which Wanjala set forth his claim for personal injuries and damages for those injuries. The October 8, 2009 Form 95 relied on by Wanjala as sufficient under the FTCA was filed by State Farm and asserted only a sum certain damage claim of $5,003.29 for the PIP reimbursement. (Brooks Aff. Ex. 3.) No mention is made of the amount of damages Wanjala requests for his injuries. This claim is not sufficient to satisfy Wanjala's administrative filing obligation under the FTCA, and the court therefore lacks subject matter jurisdiction because Wanjala has not exhausted his administrative remedies.

## II.    Oregon Law

In the event the court finds he has not submitted a valid claim to the USPS, Wanjala requests substitution of State Farm as plaintiff to cure any defects under the FTCA. The United States, however, argues that even if the court allows State Farm to substitute for Wanjala as plaintiff, the court still lacks jurisdiction based on Oregon law.

Under the FTCA, the court must treat the United States as it would a private person in a similar situation and apply state law to determine amenability to suit and substantive liability. *LaBarge v. Mariposa Cnty.*, 798 F.2d 364, 366 (9th Cir. 1986). In order for the court to have subject matter jurisdiction, the United States must be analogized to a tortfeasor governed by the laws of Oregon. *See State Farm Auto. Ins. Co. v. U.S. Postal Service*, No. 09-1325-SU, 2010 WL 5463840, at *4 (D. Or. Dec. 27, 2010) (federal agency treated as private person in similar situation; state law applied to determine amenability to suit and substantive liability). State Farm has relied on OR. REV. STAT. 742.538(4) to support its claim for subrogation. Subrogation permits an insurer in certain

FINDINGS AND RECOMMENDATION            6                              {HAB}

instances to recover what it has paid to its insured, "in effect, by standing in the shoes of the insured and pursuing a claim against the wrongdoer." *Safeco Ins. Co. v. Russell*, 170 Or. App. 636, 640 (2000), *rev. den.*, 331 Or. 674 (2001).

OR. REV. STAT. 742.518 to OR. REV. STAT. 742.544 govern PIP coverage, including an insurer's recovery of amounts paid to its insured as PIP benefits. *Mid-Century Ins. Co. v. Turner*, 219 Or. App. 44, 49 (2008). PIP coverage, which is a type of no-fault insurance, is mandated by Oregon law to be included in any motor vehicle liability policy. *State Farm Mut. Auto. Ins. Co. v. Hale*, 215 Or. App 19, 24 (2007). OR. REV. STAT. 742.538 is part of a statutory scheme designed by the Oregon legislature to ensure that a person injured in a motor vehicle accident receives prompt payment of benefits for economic damages suffered. To encourage PIP providers to make timely payments, the legislature established several mechanisms by which those providers can be reimbursed for PIP benefits they have paid. *Wynia v. Fick*, 162 Or. App. 365, 369 (1999).

Oregon law provides three methods for insurers to receive reimbursement for amounts paid as PIP benefits. *Mid-Century Ins. Co.*, 219 Or. App. at 49. First, under OR. REV. STAT. 742.534, every authorized motor vehicle liability insurance provider whose insured is or could be held legally liable for injuries to another person is required to reimburse the injured person's insurer for PIP benefits paid by that insurer to the injured person. *Wynia*, 162 Or. App. at 370. This method of recovery is not available to Wanjala or State Farm. While the USPS vehicle may be defined as an "insured" vehicle under OR. REV. STAT. 742.504(2)(L), the United States is not an insurance company for purposes for OR. REV. STAT. 742.534.

Second, if the PIP provider's insured has brought an action to recover damages from the tortfeasor, OR. REV. STAT. 742.536 allows the provider to attach a lien to any recovery by the insured for the amount of the PIP benefits, so long as the provider has not sought reimbursement under OR.

FINDINGS AND RECOMMENDATION        7        {HAB}

REV. STAT. 742.534.  *Id*.  State Farm has not filed a lien against recovery sought by Wanjala for the personal injury claim set forth in the third Form 95 filing, but could do so under this statute.

Finally, OR. REV. STAT. 742.538 provides two options for reimbursement.  Under OR. REV. STAT. 742.538(1), a PIP provider can recover PIP benefits from the proceeds of any judgment or settlement that may result from the injured person's exercise of any rights to recover against any person legally responsible for the accident, less the insured's share of the expenses, costs, or attorney's fees incurred by the insured in connection with recovery.  Under OR. REV. STAT. 742.538(4), a provider can seek recovery through subrogation and require the insured to bring action against the responsible party for recovery of PIP benefits.  The PIP provider supplies the attorney and directs the litigation, even though the action is brought in the name of the insured.

Wanjala brought this action under OR. REV. STAT. 742.538(4) and now alleges it is for the subrogation rights of State Farm.  Even assuming State Farm was allowed to substitute for Wanjala as plaintiff, State Farm could not maintain a suit under Oregon law.

The Oregon legislature did not intend for OR. REV. STAT. 742.538 to allow two actions to be brought on the same claim, in contravention of established common law rules against claim splitting.  *Wynia*, 162 Or. App. at 373 (discussing the legislative history of OR. REV. STAT. 742.538).  The legislative history shows that the purpose of subsection (4) is to protect the insurer against an insured who may be disinclined to pursue an action against a third-party tortfeasor because the insured has already recovered any losses through PIP benefits.  *Id*. at 372.  OR. REV. STAT. 742.538, therefore, is directed at those cases in which the insured has not brought, or had refused to bring, a separate action.  *Id*.

Substitution of State Farm as plaintiff would allow two causes of action on the same claim. OR. REV. STAT. 742.538 was intended as a means of recovery when the injured declined to file suit

FINDINGS AND RECOMMENDATION            8                              {HAB}

and the insurance provider had no other means to recoup the PIP payments. State Farm is not in that position. Wanjala is pursuing, through the third Form 95, a separate claim for personal injury, lost wages, and pain and suffering. State Farm has the option of attaching a lien to any recovery on that claim under OR. REV. STAT. 742.536. Substitution would not cure the jurisdictional defects or allow State Farm to maintain this action under Oregon law.

## *Conclusion*

The United States' motion to dismiss (#15) should be GRANTED.

## *Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **August 5, 2011**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 22nd day of July, 2011.

        /s/ John V. Acosta
        JOHN V. ACOSTA
        United States Magistrate Judge