FILED 26 SEP '11 12:53 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

JOHN WANJALA,                                    Civil No. 03:10-CV-486-AC

    Plaintiff,                                   ORDER

  v.

UNITED STATES OF AMERICA,

    Defendant.

GEORGE M. SHUMSKY
Shumsky & Backman
1001 S.W. Fifth Ave., Ste 1100
Portland, OR 97204
(503) 222-4339

    Attorneys for Plaintiffs

DWIGHT C. HOLTON
United States Attorney
KARA. K. MILER
Trial Attorney
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 888, Benjamin Franklin Station
Washington, D.C. 20044
(202) 616-4448

    Attorneys for Defendant

1 - ORDER

MARSH, Judge.

On July 22, 2011, Magistrate Judge John V. Acosta issued a Findings and Recommendation that defendant United States' Motion to Dismiss (doc. 15) plaintiff's Complaint for lack of subject matter jurisdiction should be granted. Plaintiff has filed timely objections (doc. 24). Accordingly, the matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

The court reviews *de novo* those parts of the Magistrate's Findings and Recommendation to which the Commissioner has objected. See 28 U.S.C. § 636(b)(1)©; *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982).

Plaintiff brings this tort action against Defendant United States to recover damages for personal injury and property caused by the negligence of a postal service employee whose vehicle rear-ended plaintiff's vehicle causing plaintiff bodily injury and property damage.

Under the Federal Tort Claims Act (FTCA), a claimant who seeks money damages for personal injury caused by the negligence of a federal employee acting in the scope of his employment must present "the claim to the appropriate Federal agency" and it must be "finally denied" before the claimant may bring an action against the United States. 28 U.S.C. § 2675(a).

2 - ORDER

The United States asserts this court lacks subject matter jurisdiction under the FTCA because plaintiff did not file an administrative claim for damages with the appropriate federal agency, *i.e.*, the United States Postal Service, before he filed this action. There is no dispute plaintiff did not make such a claim, and, therefore, did not exhaust administrative remedies, before he filed this action.

Accordingly, I find the magistrate judge did not err in recommending dismissal of plaintiff's claim against the United States for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

In the alternative, Plaintiff seeks to ameliorate the consequences of his failure to exhaust the administrative remedies available to him against the government by seeking to substitute his insurer, State Farm Insurance Company, as a plaintiff so that State Farm's subrogation rights can be asserted against the government pursuant to Ore. Rev. Stat. § 742.538(4) for the purpose of recovering approximately $107,000 in personal injury protection benefits (PIP) that State Farm paid to him as a result of his injuries.

I agree with the magistrate judge, however, that it would be futile for plaintiff to protect State Farm's subrogation rights under the circumstances of this case. *See Wynia v. Fick,* 162 Or. App. 365, 371 (1999)(Ore. Rev. Stat. 742.538(4) does not

3 - ORDER

permit "an action to recover PIP benefits . . . even though the injured party has already initiated an action in his or her own right.").

Accordingly, I **ADOPT** Magistrate Judge Acosta's Findings and Recommendation (doc. 22) and **GRANT** defendant United States' Motion to Dismiss (doc. 15) on the ground this Court lacks jurisdiction over this matter under the FTCA.

IT IS SO ORDERED.

DATED this  26  day of September, 2011.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge